UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS HARRISMOSBY, | ) | CASE NO.  1:26-cv-00171 |
| | ) | |
| Plaintiff, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| ANTWAN HARRIS, *et al.*, | ) | **OPINION AND ORDER** |
| | ) | |
| Defendants. | ) | |

Before the Court is *pro se* Plaintiff Thomas Harrismosby's ("Harrismosby") Complaint against Defendant Antwan Harris ("Harris") and others (collectively "Defendants").[1]  (Doc. 1.) Harrismosby also seeks to proceed *in forma pauperis* (Doc. 2), which is GRANTED.  For the reasons stated herein, the Complaint is DISMISSED pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

I.     BACKGROUND

Harrismosby is an Ohio prisoner.  Jpay is an electronic communication service available to prisoners.  The crux of the Complaint is that Harrismosby is unable to access and/or retrieve "email's/messages" containing copies of music he sent to Harris using Jpay.  (Doc. 1 at 3, ¶ IV.)[2] The relief he seeks is for the Court "to subpoena [the] email, messages [he] sent to Antwan Harris."  (*Id.* at 6, ¶ V.)

---

[1] Although Harrismosby identifies only Antwan Harris in the portion of his Complaint where he was asked to list the Defendants in the case, the caption of his Complaint identifies the Defendants as "Antwan Harris, JPay, G+L getting out, [and] odRc."  (*See* Doc. 1 at 1; *id.* at 3, ¶ III.B.)

[2] For ease and consistency, record citations are to the electronically stamped CM/ECF document and PageID# rather than any internal pagination.  Complaint citations are to the internal paragraph notations.

## II.    LAW AND ANALYSIS

*Pro se* pleadings are liberally construed.  *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551, (1982) (per curiam).  But such liberal construction is not without limits.  *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).  Liberal construction does not "abrogate basic pleading essentials in *pro se* suits."  *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).  Nor does it allow district courts to conjure up allegations, draw unsupported inferences, or construct claims on a *pro se* plaintiff's behalf.  *See Erwin v. Edwards*, 22 F. App'x 579 (6th Cir. 2001); *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).

District courts are required to dismiss *in forma pauperis* actions under 28 U.S.C. §§ 1915(e) and 1915A if the complaint fails to state a claim upon which relief can be granted or lacks an arguable basis in law or fact.  *See Neitzke v. Williams*, 490 U.S. 319, 328, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).  To avoid a dismissal for failure to state a claim, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Hill*, 630 F.3d at 471. (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) for determining a motion to dismiss under Fed. R. Civ. P. 12(b)(6) governs dismissals for failure to state a claim under §§ 1915(e) and 1915A).  At bottom, to comply with Rule 8 of the Federal Rules of Civil Procedure, a complaint must give defendants fair notice of plaintiff's legal claims and the facts on which those claims rest.  *See Iqbal*, 556 U.S. at 677-78.

Upon review, the Court finds Harrismosby's Complaint must be dismissed because, even liberally construed, it fails to state a plausible federal civil rights claim.  To state a prisoner civil

rights claim under 42 U.S.C. § 1983, a prisoner must allege they suffered a violation of a right secured by the Constitution or laws of the United States committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988). Harrismosby's Complaint does not allege these elements.

While prisoners have a constitutional right under the First Amendment to communicate with others outside of the facility in which they are assigned, they do not have a constitutional right to select their preferred form of communication (email) or that prison officials retrieve or access email communications on demand.  *See, e.g., Bristow v. Amber*, No. 2:12-cv-412, 2012 WL 1963577, 2012 U.S. Dist. LEXIS 75989, at *6-8 (S.D. Ohio May 31, 2012) (dismissing *pro se* case and holding that prisoners do not have a First Amendment right to access email via Jpay); *Holt v. Bright*, No. 4:19-cv-1438, 2020 WL 224575, 2020 U.S. Dist. LEXIS 6496, at *6-7 (N.D. Ohio Jan. 15, 2020) (dismissing prisoner complaint alleging the defendant violated his constitutional rights by restricting his email and telephone access).  Harrismosby's Complaint does not allege a deprivation of a constitutional right.  He does not allege being denied all forms of communication.  Indeed, even the relief Harrismosby seeks, to now have others retrieve his email communications with Harris, cannot be construed as alleging any deprivation of a constitutional right.  *See Bristow*, 2012 U.S. Dist. LEXIS 75989, at *6-8.

The Complaint also does not name a person subject to suit for federal civil rights violations under Section 1983.  Section 1983 does not prohibit the conduct of private parties unless their conduct can be said to be fairly attributable to the state.  *See Campbell v. PMI Food Equipment Group, Inc.*, 509 F.3d 776, 783 (6th Cir. 2007).  Harrismosby has not alleged facts suggesting Harris engaged in state action under any of the tests articulated by the Supreme Court for determining whether private conduct may be deemed fairly attributable to the state for

purposes of Section 1983 (*i.e.*, the public function test, the state compulsion test, or the symbiotic relationship or nexus test). *See id.* Nor are the other Defendants Harrismosby lists in the caption of his Complaint persons subject to suit. "G+L getting out" and "Jpay" are not identifiable governmental or private entities, and the Ohio Department of Rehabilitation and Corrections is not subject to suit under Section 1983. *See Peeples v. Ohio Dep't of Rehab. & Corr.*, 61 F.3d 904 (Table), 1995 WL 445714, 1995 U.S. App. LEXIS 20845, at *1 (6th Cir. 1995) (holding the ODRC is not a "person" subject to suit for damages under Section 1983 and it did not waive Eleventh Amendment immunity).

## III. CONCLUSION

For the reasons stated herein, *pro se* Plaintiff Thomas Harrismosby's Complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e) and 1915A. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

**Date:** April 20, 2026

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE